UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JASON MOBLEY,

                                         Plaintiff,      **ANSWER TO COMPLAINT**

                -against-

CITY OF NEW YORK, POLICE COMMISSIONER     **07 CV 7108 (GBD)**
RAYMOND W. KELLY, DEPUTY INSPECTOR KEVIN
HARRINGTON, POLICE OFFICER RAMA HILLER,    **Jury Trial Demanded**
SHIELD # 01484,

                                         Defendants.

------------------------------------------------------------------------ x

        Defendants City of New York and Commissioner Kelly, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint.

        3.     Paragraph "3" of the complaint contains no averments of fact relating to plaintiff's claim; accordingly, no response is required.

        4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        5.     Deny the allegations set forth in paragraph "5" of the complaint.

        6.     Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Admit the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Raymond W. Kelly is the Commissioner of the NYPD.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Inspector Kevin Harrington is the commanding officer of the 46th precinct.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that Hiller is employed by the City of New York in the New York Police Department.

12. Defendants state that the allegations set forth in paragraph "12" of the complaint sets forth legal conclusions to which no response is required.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Office of the Comptroller, and that no payment has been made by defendant City.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint and all its subparts.

18. In response to the allegations set forth in paragraph "18" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "17" inclusive of this answer, as if fully set forth herein.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. In response to the allegations set forth in paragraph "21" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "20" inclusive of this answer, as if fully set forth herein.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "28" inclusive of this answer, as if fully set forth herein.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "33" inclusive of this answer, as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34"of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "37" inclusive of this answer, as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. In response to the allegations set forth in paragraph "41" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "40" inclusive of this answer, as if fully set forth herein.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

44. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

45. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

46. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

47. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

- 5 -

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

48. Plaintiff has failed to comply with New York General Municipal Law §50-e.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

49. Plaintiff provoked any incidents.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

50. Punitive damages cannot be recovered against the City of New York.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

51. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, it is entitled to governmental immunity from liability.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

52. There was probable cause for plaintiff's arrest, detention, and prosecution.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

53. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

- 6 -

**WHEREFORE,** defendants City of New York and Commissioner Kelly request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:	New York, New York
	October 10, 2007

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                    City of New York
                                    Attorney for Defendants City and Commissioner Kelly
                                    100 Church Street, Room 3-180
                                    New York, New York 10007
                                    (212) 788-1029

By:	/s/
	Jennifer L. Rubin (JR 7938)
	Assistant Corporation Counsel

To:	Andrew Stoll, Esq. (By ECF)
	71 Nevins Street
	Brooklyn, New York 11217