UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JASON MOBLEY,

                                          Plaintiff,    **ANSWER TO COMPLAINT**

              -against-

CITY OF NEW YORK, POLICE COMMISSIONER    **07 CV 7108 (GBD)**
RAYMOND W. KELLY, DEPUTY INSPECTOR KEVIN
HARRINGTON, POLICE OFFICER RAMA HILLER,    **Jury Trial Demanded**
SHIELD # 01484,

                                          Defendants.

------------------------------------------------------------------------ x

        Defendant Police Officer Rama Hiller[1], by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.      Denies the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.      Denies the allegations set forth in paragraph "2" of the complaint.

        3.      Paragraph "3" of the complaint contains no averments of fact relating to plaintiff's claim; accordingly, no response is required.

        4.      Denies the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        5.      Denies the allegations set forth in paragraph "5" of the complaint.

---

[1] The City of New York and Commissioner Kelly previously answered plaintiff's complaint.

      6.      Denies the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

      7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

      8.      Admit the allegations set forth in paragraph "8" of the complaint.

      9.      Denies the allegations set forth in paragraph "9" of the complaint, except admit that Raymond W. Kelly is the Commissioner of the NYPD.

      10.      Denies the allegations set forth in paragraph "10" of the complaint, except admit that Inspector Kevin Harrington is the commanding officer of the 46th precinct.

      11.      Denies the allegations set forth in paragraph "11" of the complaint, except admit that Hiller is employed by the City of New York in the New York Police Department.

      12.      Defendants state that the allegations set forth in paragraph "12" of the complaint sets forth legal conclusions to which no response is required.

      13.      Denies the allegations set forth in paragraph "13" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Office of the Comptroller, and that no payment has been made by defendant City.

      14.      Denies the allegations set forth in paragraph "14" of the complaint.

      15.      Denies the allegations set forth in paragraph "15" of the complaint.

      16.      Denies the allegations set forth in paragraph "16" of the complaint.

      17.      Denies the allegations set forth in paragraph "17" of the complaint and all its subparts.

18. In response to the allegations set forth in paragraph "18" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "17" inclusive of this answer, as if fully set forth herein.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. In response to the allegations set forth in paragraph "21" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "20" inclusive of this answer, as if fully set forth herein.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "28" inclusive of this answer, as if fully set forth herein.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "32" inclusive of this answer, as if fully set forth herein.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "37" inclusive of this answer, as if fully set forth herein.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. In response to the allegations set forth in paragraph "41" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "40" inclusive of this answer, as if fully set forth herein.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

44. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

45. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

46. At all times relevant to the acts alleged in the complaint, defendant acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

47. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

48. Plaintiff has failed to comply with New York General Municipal Law §50-e.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

49. Plaintiff provoked any incidents.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

50. There was probable cause for plaintiff's arrest, detention, and prosecution.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

51. The individual defendant, Police Officer Hiller, has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

- 6 -

**WHEREFORE,** defendant Officer Hiller requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            November 18, 2007

                    MICHAEL A. CARDOZO
                    Corporation Counsel of the
                    City of New York
                    Attorney for Defendant Hiller
                    100 Church Street, Room 3-180
                    New York, New York 10007
                    (212) 788-1029

              By:      /s/
                    Jennifer L. Rubin (JR 7938)
                    Assistant Corporation Counsel

To:     Andrew Stoll, Esq. (By ECF)
        71 Nevins Street
        Brooklyn, New York 11217